# FEDERAL OPINIONS

## MAYOR COURTS HIT

In the issue of the Abstract for December 18, 1926, 4 Abs. 839, we called attention to the case of Tumey v. State, then just filed in the U. S. Supreme Court in error to the Supreme Court of Ohio, and explained the issues as being the determination of the constitutionality of the Ohio statute giving Mayors jurisdiction to try offenders in prohibition cases on account of the fine splitting authority giving them under the law.

Tumey had been convicted before a Mayor in Hamilton County, on a charge of having liquor in his home, in the same county and unsuccessfully contested his conviction in the State Courts. The Court of Appeals decision will be found 4 Abs. 109, and the OS. Pending case 4 Abs. 197. Motion to certify was overruled, 4 Abs. 302.

On Monday of this week, March 7, the U. S. Supreme Court decided the Ohio law to be invalid, as it permitted Mayors of cities to act as Judges in cases where they were financially interested.

Chief Justice Taft, delivering the opinion, the syllabus of which follows, declared Tumey had a right to trial before a judge who had no direct, personal, or pecuniary interest in reaching conclusions against him.

Inasmuch as this decision is based upon the fee splitting practice, the law authorized, it is possible that the effect on Justice Courts may be the same as upon Mayor Courts, as Justices are pecuniarily interested in convictions in order to get their portion of the fees.

---

## TUMEY v. STATE
### Supreme Court of the U. S.
### No. 527. Decided March 8, 1927

291. CONSTITUTIONAL LAW—1.. A system by which an inferior judge is paid for his services only when he convicts the defendant has not become so embedded by custom in general practice, either at common law or in this country, that it can be regarded as due process of law unless the costs imposed are so small that they be ignored as within de minimis non curat lex.

2. Ohio statutes providing for trial by village mayor of one accused of violating Ohio prohibition act, by vesting judicial power in one who by reason of his interest, both as an individual and as chief village executive, is disqualified to exercise it, held: Violative of U. S. Amend. XIV as depriving accused persons, so tried, of due process.

3. State Power to Create Judicial System: Jury Trial.—Legislature of State may provide such system of courts as it chooses and give such territorial jurisdiction thereto as it sees fit, and U. S. Amend. XIV, not requiring jury trial for any offender, does not prevent giving village mayor jurisdiction of justice of peace to try misdemeanors committed anywhere in the county.

333. CRIMINAL LAW—State legislature may stimulate prosecutions for crime by offering rewards to those who initiate and carry on such prosecutions, and may offer percentage of recovery to informers.

531. FINES AND PENALTIES—It is completely within power of legislature to dispose of fines collected in criminal cases as it will; e. g.; half to State and half to village by whose mayor they are imposed.

Attorneys—W. B. Wheeler for State; E. P. Moulinier, Cincinnati, for Tumey.

Note—OA. opinion willb e found 4 Abs. 109; OS. Pend. 4 Abs. 197; mot. to cert. ov. 4 Abs. 302. See also 25 Nisi (ns) 580.

The above syllabus is from the opinion of the court which will be reported in the Abstract of next week.

---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

---

**27. ACTIONS.**

Whether a proceeding is an action in chancery or a suit at law, must be determined from the pleadings and from the issue made thereby. Morehead v. Leonard. OA. 5 Abs. 152.

**128a. BAR.**

Where there is an express contract for the sale of an automobile which was never delivered, and suit is brought by the seller against the purchaser on a note given for the purchase price, and the purchaser defends the suit on the ground that the seller breached by failing to deliver the automobile, and on trial a judgment is properly rendered for the purchaser, which is not reversed or modified, it constitutes a complete defense to a subsequent action brought by such seller against the purchaser for damages. Ayres, etc. v. Mihal. OA. 5 Abs. 146.

**145. BILLS AND NOTES.**

The delivery to a person holding a bill of lading as the agent of another person, is tantamount to a delivery to the holder, if ratified by him. Cinn., N. O., & T. P. Ry. Co. v. Fugazzi Co. OA. 5 Abs. 146.

**225. CHARGE TO JURY.**

1. Where trial court charges that the jury is not bound by common law rules of evidence, under statute that provides Industrial Commission may procure evidence without regard to such rules, is erroneous and is ground for reversal.

2. Where trial court charges that jury should decide on weight of testimony, it is error, for the jury must decide case on the weight of the evidence. Industrial Com. v. Jasionowski. OA. 5 Abs. 151.

**297. CONTRACTS.**

Where two parties, one of which is indebted to a third, agree that one will pay off the indebtedness of the other evidenced by notes secured by a mortgage, this contract is for the benefit of the third party and said third party must comply with the provisions of the contract in regard to payments to be made by it although it is not a signatory to the contract. Ohio Match Co. v. Elin Grove Co. OA. 5 Abs. 151.

Where contract is made between manufacturer's association and Union, which was for the benefit of the employees of a concern which is a member of the Association, such contract is valid and enforceable by the employee, although her name does not appear in the agreement. H. Blum & Co. v. Landau. OA. 5 Abs. 150.