Where testimony of witnesses is in direct conflict, and of such character that only a jury could determine the question, the verdict is in accordance with the view that the jury entertained as to the credibility of witnesses. Mason Canning Co. v. Brandenburg et. OA. 5 Abs. 148.

May state cross examine its own witness on ground that he was an adverse witness and may he be impeached by other evidence? Young v. State. OS. Pend. 5 Abs. 139.

**1277. WORDS AND PHRASES.**

The term "give away" and "possess" shall not apply to intoxicating liquor in a bona fide private dwelling. Blatnik v. State. OA. 5 Abs. 19.

The primary meaning of the phrase "legal representatives" is "executors" or "administrators" yet other meanings are given such as "heirs at law", "next of kin", "trustees" and "assignee", legal representatives as used in Sec. 8577 GC. having the meaning of "heirs at law", and "next of kin." Larkins et v. Routson et. OS. 5 Abs. 45.

**1283. WORKMEN'S COMPENSATION.**

A waitress, entitled to food, who enters the kitchen and lights range after working hours against positive instructions of employer cannot recover for injuries received therefrom. State ex Crabbe v. Barbas et. Com Pl. 5 Abs. 77.

---

## No. 261
## WILLIAMS v. STATE

Ohio Appeals, 5th Dist., Perry Co.

No. 154. Decided Mar. 28, 1927

**685. JUSTICE OF THE PEACE**—The old English maxim, "No judge is qualified or should be permitted to sit in any case in which he has or might have any substantial financial interest, growing out of or incidental to the question to be determined by him," applies with equal force to Justice of the Peace and Mayor Courts.

**291. CONSTITUTIONAL LAW**—When one is tried before a justice of the peace who is financially interested in the outcome of a case, to the extent that a conviction will mean his collection of the costs, while an acquittal would deprive him of such costs, defendant's constitutional rights of a fair and impartial trial are thereby violated.

First Publication of this Opinion

HOUCK, J.

Error is prosecuted to this court from the judgment of one J. W. Newberry, a justice of the peace of Pike Township, Perry County, Ohio.

The plaintiff in error, Emanuel Williams, was tried and convicted in the court of said justice of the peace of the illegal possession of intoxicating liquor. The justice assessed a fine against Williams in the sum of $800 and costs in the amount of $12.40 taxed in favor of said justice and against Williams and adjudged that the accused stand committed to the jail of Perry County until said fine and costs are paid or secured to be paid, or until he is discharged according to law.

The error complained of in this case is: That the justice of the peace, the trial court, was without jurisdiction, and authority in the premises; and, therefore the alleged conviction and judgment are null and void.

Question: Is a magistrate, a justice of the peace or mayor in law and under our constitution, disqualified from acting in a criminal case when his compensation for services is a fee or fees fixed by statute to be taxed as costs in the case and such to be paid to the magistrate only upon the conviction of the accused? In other words if he acquits and discharges the accused he gets no compensation; but if found guilty then the magistrate is compensated.

The constitutional question here presented is an important one and is now before us, a reviewing court, for the first time in Ohio.

It will be conceded that every person charged with a crime, be it a misdemeanor, felony or capital offense, is entitled to a fair and impartial trial, which should be presided over by a judge who has no interest, bias or prejudice in the case. In common parlance, the magistrate or judge must and should be entirely disinterested. Then how can a justice or mayor, who received no compensation unless he finds the alleged violator of law guilty, be a disinterested judge and free from hope of reward or pecuniary interest therein?

Comment is unnecessary upon the fact that a juror, in a civil action, is not qualified to sit in the trial of a case if he has any pecuniary interest in the controversy or the result of the trial.

If this be true, then it certainly applies with equal force to the judge or magistrate in a criminal case.

It seems clear to us from sections 6212-18 GC., 6212-25 GC., 1349 GC., 3016 GC., and 1746 GC., that a justice of the peace, at least in liquor cases, receives no pay or compensation except fees as set forth in said statutes. Further, in order to receive same there must be a conviction by him of the one so charged with a violation of the liquor laws.

Thus, it nautrally follows that there exists, under these surroundings, such an interest on the part of the magistrate as to disqualify him from sitting in cases like the one at bar.

Under our constitution courts are presumed to be open to every person who seeks relief for an injury done him in his lands, property, person, etc. He shall have remedy bu due process of law; and justice must be administered to all without denial or delay.

Section I of the fourteenth amendment of the Constitution of the United States provides in substance that no state shall deprive any person of life, liberty or property, without due process of law.

We have read with much interest and great care the recent decision of the Supreme Court of the United States in the case of Ed. Tumey v. State of Ohio. Chief Justice Taft in his opinion says:—See 5 Abs. 159 and 185.

(Continued on Page 231)

# CODE NOTES
## Annotation to Ohio General Code
### Covering Issues from Jan. 1st to March 31st, 1927

**Sec. 486-17a. ACTIONS.**

Where city employee under civil service regulations is summarily discharged without his superior complying with, his remedy thereon is mandamus and not an action in damages. Toledo (City) v. Osborn. OA. 5 Abs. 2.

**Sec. 534 GC. INHERITANCE TAX.**

When, upon succession, the interests of estates of the successors are dependent upon contingencies or conditions whereby the estate given may be created, defeated, extended or abridged, a tax shall be imposed upon the conditional successions, at the highest rate, under a temporary order pursuant to provisions of. Tax Commission v. Bank. OA. 5 Abs. 70.

**Sec. 594 GC. et seq. PUBLIC UTILITIES COMMISSION.**

Does Commission have jurisdiction under, to reapportion the cost of maintenance and operation of an interlocking system used by three railroad companies; and to substitute therefore a manual flagging system the cost of which is less? Tol. & Ind. R. R. v. P. U. C. OS. Pend. 5 Abs. 29.

**Sec. 614-84 GC. TRANSPORTATION COMPANIES.**

A bus company transporting passengers by motor power is now by special legislation, designated as a common carrier; and prohibited from operating in Ohio without a certificate of authority from the P. U. C. authorizing it to be such a carrier. Cleve-Akron Bus Co. v. Rogoff. OA. 5 Abs. 25.

**Sec. 614-870 GC. PUBLIC UTILITIES COMMISSION.**

This section confers discretion on P. U. C. to grant or withhold transfer of certificate of convenience; but consent to transfer same to unqualified purchaser is an abuse of discretion. Penn. R. R. Co. v. P. U. C. OS. 5 Abs. 155.

**Sec. 710-176. UTTERING CHECK TO DEFRAUD.**

Where question arises as to whether defendant in malicious prosecution revealed all the facts in reference to drawing check, to prosecuting attorney and other attorneys, and signed an affivadit charging plaintiff with the offense under 710-176 GC. upon such attorney's advice, the question is to be submitted to the jury. Kidd v. Levinson. OA. 5 Abs. 6.

**Sec. 1201-2 GC. EMINENT DOMAIN.**

Allows commissioners to appropriate land necessary to road improvement, and said section does not confine them to the right of; but may include land to dump dirt etc. Patterson v. Pike. OA. 5 Abs. 7.

**Sec. 1225 GC. SERVICE OF SUMMONS.**

A summons in a proceeding in error shall be served "as in the commencement of an action." Abraham v. Akron Sausage Co. OA. 5 Abs. 18.

**Sec. 1274-2 GC. MEDICAL LICENSES (Chiropractic).**

A writ of mandamus is not an appropriate remedy to control the discretion of the Medical Board, the entire matter of issuing licenses is placed within the discretion of the Board. State ex v. Upham. OA. 5 Abs. 163.

**Sec. 1465-76 GC. EMPLOYERS.**

Nothing shall affect the civil liability of such employees. Cleveland (City) v. Lovering. OS. Pend. 5 Abs. 123.

**Sec. 1465-89-90-91 GC. LIMITING ALLOWANCE FOR MEDICAL AID, ETC.**

Notwithstanding the statute and the ruling thereon, the trial court excluded much of the evidence received by the Industrial Commission and such ruling was prejudicial. Ind. Com. v. Jasionowski. OA. 5 Abs. 151.

**Sec. 1465-90 GC. INDUSTRIAL COMMISSION (Appeal)**

Is an order of the Industrial Commission disallowing a claim, or the refusal to allow a rehearing, the final action of the commission as to filing an appeal? Ind. Com. v. Benco. OS. Pend. 5 Abs. 76.

**Sec. 1579-51-52 GC. DAYTON MUNICIPAL COURT.**

The Municipal Court of Dayton, sitting within its territorial jurisdiction, may in a proper case, exercise all the jurisdiction vested by the law of Ohio in justices of the peace sitting within their territorial limits. State ex v. Lake. Com. P. 5 Abs. 137.

**Sec. 1642. GC. JURISDICTION OF JUVENILE COURT.**

Provides that a juvenile court shall have jurisdiction over and with respect to delinquent, neglected and dependent minors under age of 18. State ex Brown v. Hoffman (Judge). OA. 5 Abs. 7.

**Sec. 1655 GC. BASTARDY.**

Was amended so as to provide that the father could be prosecuted for non support. Cowley v. State ex Beebe. OA. 5 Abs. 24.

**Sec. 1681 GC. WHEN MINOR COMMITS FELONY.**

Provides that upon affidavit charging minor of felony, the juvenile judge may order child to enter recognizance for his appearance before Common Pleas Court. State ex Brown v. Hoffman. OA. 5 Abs. 7.

**Sec. 1685 GC. STATUTES.**

Is 1685 GC. requiring a court of record to determine and adjudicate matters submitted to it within thirty days, mandatory or directory?. Lupson v. Zink. OS. Pend. 5 Abs. 124.

**Sec. 2365-1-4 GC. SURETYSHIP.**

Under this section, the principal contractor having abandoned a building job, a person who furnishes material to a materialman may maintain an action upon a bond, given by a compensated surety to insure faithful performance of the principal contractor. Amer. Guar. Co. v. Cin. Iron Steel Co. OS. 5 Abs. 45.

Where compensated surety gives bond for erection of school building under, and bond is given pursuant to, even though it does not comply with the statute in all its terms, it is controlled by the statute with regard to recovery for labor and materials furnished in the construction.

Parties executing a bond pursuant to, are chargeable with notice of their provisions and subcontractors may avail themselves of the bond surety although they are not expressly named therein. Amer. Guar. Co. v. Cliff Coal Fo. OS. 5 Abs. 13.

**Sec. 3324 GC. RAILROAD CROSSINGS.**

Is it the plain statutory duty of the railroad company to re-construct and make reasonably adequate the crossing involved, at its own expense? State v. Penn. Rd. Co. OS. Pend. 5 Abs. 93.

**Sec. 3829 GC. ASSESSMENTS.**

Failure of officer to have property owner's claim for damages adjudicated within 10 days, as provided in 3829 GC. does not invalidate an assessment, but suspends right to collect. Schick v. Cincinnati .(City). OS. 5 Abs. 143.

**Sec. 3476-9 GC. POOR LAWS.**

Did the lower court err in their interpretation of, being the poor laws of Ohio in relation to the facts of contention herein. Summit Comm. v. Trumbull Comm. OS. Pend. 5 Abs. 30.

**Secs. 4129 and 4141 GC. FINES AND PENALTIES.**

These sections refer to workhouses, and not jails. State ex Kohler v. Goldstein. OA. 5 Abs. 82.

**Secs. 4328-4361 GC. MUNICIPAL CORPORATIONS.**

Under, limiting the amount to be purchased by a village under the board of public affairs to $500 without a valid ordinance being passed by council who must make a contract with the lowest bidder after advertisement, omission of either imposes no valid obligations upon the village. Ludwig-Hommel & Co. v. Woodsfield (Vil.). OS. 5 Abs. 78.

**Sec. 4357 GC. PUBLIC WORKS.**

Provides in part for the creation of a board of public affairs in each village owning or operating water works, electric light plant, etc.; and each member is to be elected for a two year term. Board of Affairs, In Re. At. G. 5 Abs. 78.

**Sec. 4692 GC. SCHOOLS AND SCHOOL DISTRICTS.**

In part provides: "If an entire district is transferred, the board of education of such district is hereby abolished." School Districts, In Re. At. G. 5 Abs. 78.

**Sec. 5331 GC. WHAT IS MEANT BY CONTEMPLATION OF DEATH?**

Same means that the expectation of death which actuates the mind of the person on the execution of his will. Parker v. Tax Com. OA. 5 Abs. 131.

**Sec. 5332 GC. INHERITANCE TAXES.**

This section provides upon what property such tax will be placed. Parker v. Tax Com. OS. 5 Abs. 131.

**Sec. 5649-5e GC. PROCEEDINGS OF BUDGET COMMISSION.**

This section providing for additional levy, and further providing that the clerk transmit to the Budget Commission a certified copy of the resolution is directory. State ex v. Long (Aud.). OA. 5 Abs. 135.

**Sec. 6071 GC. INTOXICATING LIQUORS.**

See Sec. 13195 GC. Abrahams v. Beaman, Aud. Com. Pl. 5 Abs. 77.

**Sec. 6212-17 GC. INTOXICATING LIQUORS.**

See Sec. 11148--55 GC. Kohler v. State ex Goldstein. OA. 5 Abs. 82.

**Sec. 6245-1 GC. PROTECTION OF EMPLOYEES.**

The trial court in construing Sec. 6245-1 GC. said in brief that it is intended not only to protect immediate employees of any contractors, but all employees regardless of who the employer is, but provided he was employed upon this particular job; the court read in a view that was incorrect as same should be read with Sec. 6242 GC. Harig et v. McCutcheon. OA. 5 Abs. 130.

**Sec. 6212-16. PROCEDURE, INTOXICATING LIQUOR.**

Procedure with respect to the disposal of seized liquor becomes one of the powers of the court as laid down in and denial of a motion for a hearing upon the question of the return of the property, depriving the owner of his rights as provided by law is prejudicial error. Blatnik v. State. OA. 5 Abs. 19.

**Sec. 6212-37 GC. MUNICIPALITIES.**

The council of any village may appropriate the necessary funds, for the purpose of hiring attorneys, detectives, or secret service officers to secure the enforcement of the prohibition law. State v. Bloz. OA. 5 Abs. 104.

**Sec. 7464-b GC. SUIT AGAINST COUNTY COMMISSIONERS.**

Does fact that no evidence was introduced in the trial court that Kolbe Road was a county road, and that failure to set out facts made necessary by, and unless the road is held to be a county road, the commissioners are not liable. Richmond et (Lorain Co. Comm.) v. Farmer et. OS. Pend. 5 Abs. 43.

**Sec. 8310-11 GC. MECHANICS' LIENS.**

Such improvements are contemplated in, which are the sections that provide for mechanics' liens. Taylor, In Re. U. S. D. 5 Abs. 89.

**Sec. 8321-1 GC. PRIORITY (Mortgages).**

Expressly limits the precedence of the lien upon the conditions that the proceeds are actually used in the improvement. Taylor, In Re. U. S. D. 5 Abs. 89.

**Sec. 8449 GC. SALES. MEASURE OF DAMAGES.**

The provisions of this section provide both special and general damages and general damages would be measured, "by the difference between the value of the goods at t hetime of delivery to the buyer and the value they would have if they answered to the warranty". Special damages would include such other and further loss directly and naturally resulting in the ordinary course of events from the breach. Klein Struct. Steel Co. v. Pool Co. OA. 5 Abs. 136.

**Sec. 8542 GC. PRIORITY (Mortgages).**

Gives priority to mortgages as from the date of filing by their covenants they are bound by subsequent acts of the legislature. Taylor, In Re. U. S. D. 5 Abs. 89.

**Sec. 8573 GC. WILLS.**

Real property which comes to one by a will wherein certain debts must be paid thereon and legacies distributed etc., such is a devise and passes under this section. Vordran v. Kintz. OA. 5 Abs. 100.

**Sec. 8673-22 GC. UNIFORM STOCK TRANSFER ACT.**

Provides "A thing is done in good faith within the meaning of this act, when it is in fact done honestly whether it is done negligently or not." Hazard v. Powell et. OS. 5 Abs. 38.

**Sec. 8577 GC. DESCENT & DISTRIBUTION STATUTE.**

The primary meaning of the phrase "legal representations" is "executors" and "administrators", yet other meanings are given such as "heirs at law," "next of kin," "trustees" and "assignees," legal representatives are used in, having the meaning of "heirs at law" and "next of kin." Larkins et v. Routson et. OS. 5 Abs. 45.

**Sec. 8618 GC. FRAUDULENT CONVEYANCE.**

Question as to conflict of decision of lower court, and finding of reviewing court. Overton v. Kushmeder et. OS. Pend. 5 Abs. 124.

**Sec. 8621 GC. STATUTE OF FRAUDS.**

The amendment to, effective July 10, 1925, does not apply to a contract by which an owner of real estate agrees to pay a broker a commission for obtaining a lessee for real estate owned by him. Spiegle v. Brenner. OA. 5 Abs. 116.

**Sec. 8621 GC. REAL ESTATE COMMISSIONS.**

The law will not imply an obligation to pay a real estate commission in the face of the statute requiring a promise or contract to pay a commission to be in writing; and it will not permit a suit to be brought on a quantum meruit basis. Zuckerman v. Cantor, Com. Pl. 5 Abs. 120.

**Sec. 8843 GC. RAILROAD CROSSINGS.**

Does this refer to all crossings without regard to whether they are grade or otherwise? Are the only excepted ones certain separate crossings covered by special legislation? State v. Penn. Rd. Co. OS. Pend. 5 Abs. 93.

**Sec. 9517 GC. INSURANCE.**

Where insurance company changes duties of principal agents it has the effect of changing its laws and without the approval of the Supt. of Insurance, is in 5 Abs. 45.

violation of. State ex. Ins. Co. v. Conn, (Supt.). OS.

**Sec. 9607-8 GC. INSURANCE.**

Violation of, allows Supt. of Insurance to look into Company and correct and remedy such violation. State ex. Ins. Co. v. Conn (Supt.). OS. 5 Abs. 45.

**Sec. 9391 GC. DEFINES BAR TO INSURANCE RIGHTS.**

Statements must be wilfully false and fraudulently made and the agent must have no knowledge of their falsity act, in order to bar insurance rights. Migletz v. N. Y. Life Ins. Co. OA. 5 Abs. 149.

**Sec. 10224 GC. POWERS CONFERRED ON MUNICIPAL COURT.**

To the full scope of the jurisdiction of the Municipal Court is therefore added such powers vested in justices of the peace under Sec. 10224 GC. State ex v. Lake. Com. P. 5 Abs. 137.

**Sec. 11102-11106 GC. APPOINTING CREDITORS.**

These sections do not apply as their claims are protected by the administrator and at much less expense. Frey et v. Jones, Admx. OA. 5 Abs. 131.

**Sec. 11148-55 GC. FINES AND PENALTIES.**

Commissioner of Insolvents has the power under the Insolvency Debtors Act, upon hearing, to discharge from imprisonment in the county jail, persons who have been convicted under Sec. 6212-17 GC. in Magistrate courts for violation of the liquor law. State ex Kohler v. Goldstein. OA. 5 Abs. 82.

**Sec. 10216. HOW TIME COMPUTED FOR FILING.**

Question as to how time shall be computed where Sunday is the first or last day. East Liverpool v. Goodballet. OS. Pend. 5 Abs. 122.

**Sec. 11225 GC. LIBEL AND SLANDER (Statute of Limitations).**

An action for libel and slander is barred by lapse of time unless brought within one year after the cause of action accrued. Price v. Kobacker Furn. Co. OA. 5 Abs. 86.

**Sec. 11288 GC. SERVICE OF SUMMONS.**

How to do so on corporation and it makes a clear distinction in its phraseology between the words "be not found" and "can be found". Abraham v. Akron Sausage Co. OA. 5 Abs. 18.

**Sec. 11304. PLEADINGS.**

Provides that every pleading must contain name of court in which action is brought and Pike entered same as if he had been summoned therein and cannot waive. Rice & Co. v. Pike. OA. 5 Abs. 2.

**Sec. 11277 GC. SERVICE OF SUMMONS.**

The service of summons was made according to law as far as disclosed by the face of the record, and the method and procedure used by carpenter in obtaining service on Traver et. Carpenter v. Traver. OA. 5 Abs. 21.

**Sec. 11427 GC. WILLS.**

Question of whether or not words in a will pass personality or reality. Gibson v. Anderson. OA. 5 Abs. 166.

**Sec. 11437 GC. JURORS.**

Relationship does not come within the fourth degree of affinity as provided in division 7 of, failure to make known the relationship is claimed as a fraud on the right of plaintiff. Yeiter v. Weigman. OA. 5 Abs. 52.

**Sec. 11463 GC. INTERROGATORIES.**

Reversible error for court to refuse to submit to the jury interrogatories involving probative facts from which the ultimate facts can be inferred as a matter of law. Maynes et v. Rosen. OA. 5 Abs. 8.

**Sec. 11495 GC. TESTIMONY AT ADMINISTRATION PROCEEDING.**

"A party shall not testify when the adverse party—is an executor—or claims or defends—as a legatee of a deceased person." Held herein that parties are not adverse and their testimony is not incompetent. Hallen v. Welsch et. OA. 5 Abs. 53.

**Sec. 11231 GC. ACTIONS.**

An action is deemed commenced when one diligently attempts to procure service, etc. Creager v. Creager. OA. 5 Abs. 102.

**Sec. 11233 GC. COMMENCEMENT OF NEW ACTION UPON OLD.**

This section has no application to a proceeding in error. Price v. Kobacker Furn. Co. OA. 5 Abs. 86.

**Sec. 11494 GC. PRIVILEGED COMMUNICATIONS.**

A clause in a life insurance policy which waives the rights of the insured as to privileged communications between patient and physician is void as against public policy. N. Y. Life Ins. Co. v. Snyder. OA. 5 Abs. 87.

**Sec. 11495 GC. ADMISSION IN WILL CONTEST.**

Plaintiff claims that protection hereunder, will be lost to decedent's estate. Welsch (Extr.) v. Hallen. OS. Pend. 5 Abs. 11.

**Sec. 11495 GC. TESTIMONY.**

Which provides that testimony of facts happening before decedent's death are inadmissible, may be waived by the personal representative, and when they are so waived the trial court must enter judgment upon such testimony. Crowe v. Vickery. OA. 5 Abs. 119.

**Sec. 11631 GC. HOW VACATION OF JUDGMENT LIMITED.**

The court is not only limited by those ways, enumerated but also other reasons limited only by sound discretion. Horwitz v. Murri. OA. 5 Abs. 134.

**Sec. 11894-1 GC. RECEIVERS.**

Where vendees, vendor and creditors of vendor, contract that vendees must pay a certain amount per week to a trustee for the creditors, and upon default of four weeks, the creditors may demand payment in full of vendor, where a default occurs, and vendees abandon the business, appointment of a receiver to take charge for the purpose of preventing dissipation of the property is justifiable under this section. Levinson v. Jaskulek et. OA. 5 Abs. 83.

**Sec. 11725. EXEMPTIONS.**

As the amendment to, which became effective July 21, 1925 decreasing a debtor's exemptions, did not relate to the remedy, a defendant in a civil suit pending at that time is not entitled to the exemptions allowed by the prior as against the judgment obtained in said suit. Chandler v. Horne. OA. 5 Abs. 3.

**Sec. 11983 GC. DATE OF SERVICE.**

Under the general rule of lis pendius, actual service is recognized as the test for the acquirement of jurisdiction and this would especially be true in a divorce action in view of this section, which fixes the date of actual service as the date from which to determine the trial. Creager v. Creager. OA. 5 Abs. 102.

**Sec. 11990-91-92 GC. DIVORCE AND ALIMONY.**

Referring to the granting of alimony and how same shall be paid and determined, some of the courts have held are mandatory, in regard to alimony in light of 11992 GC., such is not the case and it is discretionary with the judge subject to a reviewing court. Kundert v. Kundert. OA. 5 Abs. 99.

**Sec. 12050 GC. REASONS FOR PARTITION PROCEEDINGS.**

There is nothing in this section which provides that the case must be carried to a conclusion and partition had. Fibbe v. Poland. OA. 5 Abs. 51.

**Sec. 12123. BASTARDY.**

Same being part of the bastardy, was amended providing that proceeding under the act should not be a bar to the prosecution of the father for failure to support his bastard child. Cowley v. State ex Beebe. OA. 5 Abs. 24.

**Sec. 12258 GC. WHAT CONSTITUTES FINAL ORDER.**

May error proceedings be prosecuted to an order overruling a motion for the removal or discharge of a receiver, or to the order appointing one. Neighbors v. Thistledown Co. et. OS. Pend. 5 Abs. 124.

**Sec. 12279 GC. ACTIONS.**

Same does not apply to action for divorce. Creager v. Creager. OA. 5 Abs. 102.

**Sec. 12402 GC. CONVICTION.**

For killing a railroad policeman, will be sustained though it does not affirmatively appear that the officer was at the time wearing a metallic shield with the word "police" etc. Atkins v. State. OS. 5 Abs. 109.

**Sec. 12,433 GC. ARSON.**

In absence of proof of the burning of $50. or more of merchandise, etc. does such make a crime? Beyoglides v. State. OS. Pend. 5 Abs. 76.

**Sec. 12558 GC. MOTIONS & ORDERS.**

There is some question whether under this section this action was a final order from which error could be prosecuted. Urschel v. Hannin. OA. 5 Abs. 84.

**Sec. 12260. WAIVER.**

A written waiver of service of summons in one court under, may not be changed to a waiver of such process in another court without the consent of the party waiving. Rice & Co. v. Pike. OA. 5 Abs. 2.

**Sec. 12628-1 GC. DRIVING WHILE INTOXICATED (Insurance).**

The purpose of a provision in a policy agreement whereby the insurance company shall not be liable while an automobile is being used for any purpose in violation of any State or Federal law, is to exclude risk in favor of the insured where he violates, by operating a motor vehicle upon a public highway in a state of intoxication. Great Amer. Ind. Co. v. Shelley, OA. 5 Abs. 88.

**Sec. 13003 GC. NON SUPPORT OF ILLEGITIMATE CHILD.**

When one is indicted under, he can in no way shift his responsibility by contract and such is not defense in bastardy proceedings. Dean v. State. OA. 5 Abs. 8.

**Sec. 13008 GC. MAINTENANCE AND SUPPORT.**

It is not incumbent upon the state to prove the property owned by the parent, charged with maintenance of a child, nor his earning capacity. Runnebaum v. State. OA. 5 Abs. 98.

**Sec. 13195 GC. INTOXICATING LIQUORS.**

An adjudication in a prosecution under the prohibition laws is not admissible in a subsequent civil action under Sec. 6071 GC., brought by the auditor to recover an assessment for trafficking in intoxicating liquors, with the possible exception of a plea of guilty in criminal proceedings. Abrahams v. Beamer (Aud.). Com. Pl. 5 Abs. 77.

**Sec. 13635 GC. INTERVIEW OF PRISONERS.**

Counsel for the accused are entitled to interview, by virtue of this section, companions of the accused who are being held in jail as witnesses, in the presence of the sheriff, or some one designated by the court. Atkins v. State. OS. 5 Abs. 109.

**Sec. 13706. SENTENCE.**

The sentence of a person in the Ohio penitentiary, may not, during the same term or any other time be suspended by the court imposing the sentence. Suspending Sentences, In Re. At. Gen. 5 Abs. 120.

**Sec. 13764 GC. MUNICIPALITIES.**

It is admitted that this was not a conviction under a municipal ordinance so the last part of, does not apply. The rest applies to whom may bring an action and no one is here qualified. tSate v. Bloz. OA. 5 Abs. 104.

**Sec. 13717 GC. CRIMINAL LAW.**

Is the fact that a fine and sentence does not provide that person imprisoned shall receive credit of $1.50 per day to apply on fines, ground for reversal? Donley v. State. OS. Pend. 5 Abs. 95.

---

(Continued from Page 227)

Those who framed our constitution possessed wisdom, honesty and integrity of the highest type. They built well for us and in this organic law of our republic every word and sentence therein impresses us that our constitution makers intended that our judges and magistrates should be free from any pecuniary interest resulting from their decision.

The old English maxim is clearly applicable here: "No judge is qualified or should be permitted to sit in any case in which he has or might have any substantial financial interest, growing out of or incidental to the question to be determined by him."

We are inclined to believe that further comment is not required, except to say: that under our Ohio statutes, relating to justices of the peace and mayors, the rules of law herein laid down, the provisions of our constitution and in the light of the able opinion of Chief Justice Taft of the United States Supreme Court herein referred to, we are of the unanimous opinion that the judgment of the instant case is null and void in law and in violation of the constitutional rights of the plaintiff in error.

Judgment for plaintiff in error.

(Shields, J., and Lemert, J., concur.)

Attorneys—Joseph Meehan for Williams; John W. Dugan, Pros. Atty., for State; both of New Lexington.